UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 23-1073-KK-KESx | Date: | December 28, 2023 |
|---|---|---|---|

Title: ***Robert Sanchez v. Dead Rockers, et al.***

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On June 16, 2023, plaintiff Robert Sanchez ("Plaintiff") filed a Complaint against defendants Dead Rockers, Dead Rockers, Inc., and 1090-1098 E. Wardlow, LLC ("Defendants"). ECF Docket No. ("Dkt.") 1. Generally, absent a showing of good cause, if a defendant is not served within 90 days after the complaint is filed, the action must be dismissed without prejudice against that defendant. FED. R. CIV. P. 4(m). Plaintiff was, therefore, required to serve the Summons and Complaint on Defendants no later than September 14, 2023.

On December 12, 2023, the Court issued an Order to Show Cause why the instant action should not be dismissed for failure to prosecute based on Plaintiff's failure to timely serve Defendants. Dkt. 27. The Court noted each of the proofs of service Plaintiff had attempted to file was deficient. Id. (citing dkts. 15-16, 20, 26). The Court further noted Plaintiff had made only one attempt to serve Defendants back in in June 2023. Id. (citing dkts. 12-13, 18, 22).

The Court, therefore, ordered Plaintiff to show cause in writing on or before December 19, 2023 why this action should not be dismissed for lack of prosecution.[1] Id. The Court expressly warned Plaintiff "**failure to timely file a response to this Order will result in this action being**

---

[1] Although defendant Dead Rockers, Inc., filed a Notice of Demurrer and Motion to Strike ("Demurrer") on December 11, 2023, dkt. 28, the Demurrer was stricken in response to the Court's Notice of Deficiencies, dkts. 29, 30.

**dismissed without prejudice . . . for failure to prosecute and comply with court orders.**" Id. (citing FED. R. CIV. P. 41(b)) (emphasis in original).

To date, Plaintiff has not filed a response to the Court's December 12, 2023 Order to Show Cause, an amended proof of service without deficiencies, or a renewed application for default.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not responded to the Court's December 12, 2023 Order to Show Cause, filed an amended proof of service without deficiencies, or filed a renewed application for default. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkts. 10, 17, 21, 27. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with

court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 27.

### III. CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.

**IT IS SO ORDERED.**